233 P.2d 1078

CITY TRANSFER CO. et al. v. JOHNSON.
No. 5318.

Supreme Court of Arizona.
July 13, 1951.

295

———◆———

Moore & Romley, of Phoenix, for appellants.

Brown & Langerman, of Phoenix, for appellee.

STANFORD, Justice.

Appellee, hereinafter styled plaintiff, brought his action in the trial court against appellants, on this appeal called defendants, for personal injuries allegedly sustained as a result of defendants' negligence.

Following the trial by jury, a verdict was rendered for the plaintiff in the sum of $15,000. From the judgment entered thereon and from the denial of defendants' motion to set aside the verdict and motion for new trial, this appeal is taken.

Plaintiff was a passenger in a Ford sedan automobile driven by his son, Robert Johnson, in a westerly direction along East Washington Street in Phoenix. Robert Johnson brought the automobile to a complete stop behind another car which had stopped to give the right of way to, and permit the loading of a school bus. During the time said Ford sedan was stopped, a G.M.C. truck-tractor, belonging to defendant Transfer Co. and driven by defendant Miller, approached from the rear and to avoid colliding with plaintiff's sedan, swerved in such a manner that it caused much of its load of baled cotton to strike the sedan with great force and violence causing this plaintiff to be thrown from his seat, striking his head and parts of his body against the interior of the car and seriously injuring him. Plaintiff claimed the truck was travelling at a speed of 45 miles per hour, that that was an excessive speed for that district and that the truck's brakes were defective.

Defendants' first assignment of error is based on the following remarks by the trial court in the presence of the jury:

"Well, after all, a court of justice is for the purpose of ascertaining the truth. Your objection will be overruled. Go ahead."

*    *    *    *    *    *

"Well, I think that you are extending your cross-examination far beyond what it should be. I will let you go ahead for a while. Fifteen minutes have gone by since you started on this subject."

*    *    *    *    *    *

"*    *    * After all we have to finish this trial sometime."

Defendants claim that said remarks were prejudicial to defendants and were a comment on the evidence.

While there have been many cases cited by counsel herein as examples

of both proper and improper remarks made by the court during the progress of a trial, we think it obvious that each of such instances can only be judged and evaluated on a basis of the particular circumstances of each case. Under certain circumstances it might be improper for a trial judge to make the remarks quoted above, during the progress of a trial; however, we cannot say as a matter of law that such remarks are prima facie prejudicial. We are of the opinion that the remarks quoted, when read into the context of the entire transcript of the proceedings, much too lengthy to be here set forth, furnish no grounds for objection on the part of the defendants. The trial judge has not only the right and the power but the solemn duty to see that the matters presented to the jury are not unduly confused with circumstances having no bearing on the issues and also to see that the trial is conducted in an orderly manner. In our opinion the remarks made by the court were made only in pursuance of these ends; they were neither improper nor prejudicial and constitute no valid objection on the part of defendants.

█ Defendants' third assignment of error is directed at remarks of plaintiff's counsel in the argument to the jury. We are of the opinion that the said remarks of counsel were not objectionable as contended by defendants. The record shows however that no objection was made to any of these remarks before the jury retired and there was no request on the part of defendants'

counsel that the court admonish the jury regarding such remarks. From the City of Prescott v. Sumid, 30 Ariz. 347, 247 P. 122, 125, we quote: "That remarks of this nature were highly improper and beyond the legitimate limits of argument cannot be questioned, and appellate courts have frequently reversed cases for just such misconduct. It is nevertheless true that the usual practice requires objection to be made at the time, and that the court be requested to admonish the jury to disregard the improper conduct, or an appellate tribunal will not consider it. Crumpton v. United States, 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958 (See, also, Rose's U.S. Notes); Rush v. French, 1 Ariz. 99, 25 P. 816; 3 C.J. 862–864." While we recognize the fact that this case was decided prior to our adoption of sec. 21–2003, A.C.A.1939, which reads: "Interruptions of counsel in argument will not be permitted, except for the purpose of raising some question of law", we reiterate there was no objection made until the jury had retired and counsel were in the judge's chambers, at which time counsel for defendants moved for mistrial, which motion was denied. There was certainly opportunity for objection and request that the court admonish the jury at the close of plaintiff's argument, both of which were omitted. We do not need to consider the question further.

Defendants by their ninth assignment of error contend that the trial court erred in denying their motion for directed verdict,

which was based on an alleged lack of competent evidence showing the acts of negligence on the part of defendants as averred in the complaint. Complaint alleged that the defendant Miller "negligently and recklessly drove the truck along the said highway, at a high, unreasonable, excessive and dangerous rate of speed under the circumstances, having regard to the traffic and the use of the highway, at the rate of approximately 45 miles per hour," and also that the defendant City Transfer Co. "negligently failed to keep its truck equipped with safe brakes * * *."

While there was little or no evidence introduced by plaintiff tending to show that the truck driven by defendant Miller was equipped with defective brakes, there were a number of witnesses who testified in behalf of plaintiff concerning the accident, the speed at which the truck was traveling immediately prior thereto and also the general surrounding circumstances.

This testimony largely from disinterested witnesses, was of such nature that negligence on the part of defendant Miller might well have been inferred therefrom. We are of the opinion that the issue was properly submitted to the jury and that the trial court was correct in its denial of defendants' motion for a directed verdict.

In their tenth assignment of error, defendants contend that the trial court erred in overruling their objections to medical testimony of Dr. John Foster and Dr. Frank Honsik, called by plaintiff as part of the rebuttal, on the ground that such testimony comprised a part of plaintiff's case in chief and thus was not proper rebuttal evidence.

Plaintiff's case in chief included the medical testimony of Dr. Cohen who testified concerning injuries received by plaintiff and to his physical condition. At the close of plaintiff's case, defendants called upon Dr. Flinn, whose testimony tended to contradict that of Dr. Cohen's. At the close of defendants' case, plaintiff produced two more medical witnesses, Drs. Foster and Honsik, who testified as to injuries and physical condition of plaintiff as evidenced by examination and X-rays, testimony of the same general character as the testimony of Drs. Cohen and Flinn. Without question, the 48 pages of testimony of Drs. Foster and Honsik largely contradicted Dr. Flinn's testimony and was in accord with much of Dr. Cohen's testimony. Defendants contend that the testimony of plaintiff's last two witnesses should have been introduced as part of plaintiff's case in chief and that the trial court erred in allowing its introduction in rebuttal. Of course the law is well settled that the mere fact that testimony might have been introduced as a part of the case in chief will not preclude its being made a part of the rebuttal. From 53 Am.Jur., Trial, Section 121, we quote: " * * * Where, however, evidence is real rebuttal evidence, the fact that it could have been offered in chief does

not preclude its admission in rebuttal. * * *." The testimony of Drs. Cohen, Flinn, Honsik and Foster is much too lengthy to be here set forth, so we shall discuss the general nature of the testimony, in determining the correctness of the lower court's rulings.

Dr. Cohen testified that he had treated plaintiff from the date of the accident and his conclusions covering the condition of plaintiff were based on observation and X-rays, taken at St. Monica's Hospital, which he had seen and examined personally. Dr. Flinn then testified as to condition of plaintiff, which opinion was drawn from examination, X-rays taken at the Pathological Laboratory in Phoenix, and from reading reports of the X-rays taken at St. Monica's Hospital which appeared in the hospital record. He stated that he did not see these latter X-rays. Dr. Foster then appeared for plaintiff and testified that he had taken the X-rays which were taken at St. Monica's Hospital, and that the reports appearing in the hospital records were prepared by him. He subsequently testified giving his opinion of plaintiff's physical condition, which opinion was formed as a result of the X-rays taken by him. Dr. Honsik then testified for plaintiff concerning plaintiff's physical condition, his opinion being formed from his observation of X-rays taken of plaintiff, some of which were taken at the Pathological Laboratory for Dr. Flinn, and also from personal examination.

In view of the testimony of defendants' witness, Dr. Flinn, containing opinions which were based in part on (1) X-ray reports submitted by Dr. Foster at St. Monica's Hospital, and (2) X-rays taken at the Pathological Laboratory, and in light of the fact that Dr. Foster testified concerning the X-rays reported on and Dr. Honsik's testimony was based in part on the X-rays taken at the Pathological Laboratory, we are of the opinion that the trial court did not err in allowing Drs. Foster and Honsik to testify. It is evident that their testimony contained some matter which was not wholly rebuttal evidence and should not have been admitted, but on close examination of that testimony we feel that it did not affect the verdict as rendered by the jury, and therefore hold that the erroneous admission of the testimony did not constitute reversible error on the part of the trial court. From 5 C.J.S., Appeal and Error, § 1724(c)(1) we quote: "Error in the admission of evidence may not constitute ground for reversal where the evidence which has been admitted is * * * merely corroborative * * * or agrees with the only competent evidence on the particular point. * * *" And from subsection (2) of the same section: "A judgment will not be reversed because of the erroneous admission of evidence, where it did not affect the result or could not have done so. Moreover error in the admission of evidence is not a ground for reversal where such admission did not op-

erate so as to prejudice the rights of the complaining party, or where the effect of admitting the evidence in question was only slightly prejudicial, * * *."

Defendants, through their assignments 12, 13, and 14 contend that the lower court erred in failing to instruct the jury that the negligence, if any there was on the part of plaintiff's son, who was driving the car in which plaintiff was riding, was imputed to plaintiff, who would be thereby barred from recovery. This contention is based on an allegation that plaintiff and his son were engaged in a "joint venture" in that they were both enroute to a certain packing plant for the purpose of soliciting employment. We cannot find one scintilla of evidence which would support an allegation of negligence on the part of plaintiff's son and therefore hold that the lower court committed no error in refusing to instruct the jury regarding such negligence.

Defendants, by their 15th assignment of error, contend that the court erred in refusing defendants a new trial on the grounds that the damages awarded were excessive. This contention however is urged on the basis that the medical evidence of plaintiff was erroneously admitted and that the jury thereupon acted under the influence of great passion and prejudice. As pointed out, the witnesses appearing for plaintiff on rebuttal were proper witnesses to testify in rebutting new material contained in the defense, and the testimony which was erroneously admitted,

though improper, was not of such a nature as to constitute reversible error. Accordingly we are of the opinion that the plaintiff presented ample evidence of damage and injury in support of the verdict of $15,000 and we hold that the trial court committed no error in refusing to grant defendants a new trial.

While there were additional assignments made by defendants in furthering their argument, these were examined by the court and we find no merit in them. We deem it neither necessary nor desirable to lengthen this opinion with further discussion.

For the foregoing reasons we hold that the court committed no prejudicial error in the trial of this case and we hereby direct that the judgment thereof be affirmed.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concur.