413 P.2d 296

**STATE of Arizona, Appellee,.**

v.

**Jack Clinton DOWTHARD, Appellant.**

**No. I CA–CR 4I.**

Court of Appeals of Arizona.

April 18, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty Gen., for appellee.

A. E. Later, Scottsdale, for appellant.

CAMERON, Judge.

This is an appeal from a judgment of guilt and sentence after a jury verdict of guilty of the crime of burglary in the first degree, a felony. The defendant was sentenced to not less than three nor more than five years in the Arizona State Penitentiary.

We are called upon to determine whether certain fingerprint evidence offered by the State during the State's testimony in rebuttal was properly admitted in evidence by the trial court.

The facts as are necessary for a determination of this matter on appeal are as follows: At or about 4:15 a. m., 14 August, 1964, officers of the Glendale Police Department observed the rear door of the Circle K Market at 59th Avenue and Camelback, in Glendale, Arizona, had been pried open. Upon entering the back door, they heard the sound of glass being shattered in the front of the building, and observed a person leaving through a break in the window. They chased the person, one Joseph Lapsley, and took him into custody. Later on, the defendant was apprehended some two miles from the place of the burglary. He was bleeding from cuts on his arm. The co-defendant, Lapsley, pled guilty, Dowthard entered a plea of not guilty, and a jury trial was held in Superior Court of Maricopa County commencing 15 January, 1965.

At the trial, the State introduced testimony concerning fingerprints of the defendant and a print which was "lifted" from a pickup truck connected with the crime which were taken by the Glendale Police Department and sent to the F.B.I. laboratory in Washington, D.C. The testimony of two F.B.I. men together with other testimony of the State, was not sufficient to connect the fingerprint with the defendant, Dowthard, and said prints were not admitted in evidence.

After the denial of a motion for directed verdict of acquittal, the defense called the co-defendant Lapsley to the stand.

Lapsley testified for the defense that the defendant (Dowthard) had not taken part in the burglary. Lapsley also stated that he and another had driven around that evening in the pickup truck looking for a place to break into. He testified the defendant Dowthard was not with him.

On rebuttal, the State introduced testimony concerning defendant Dowthard's print which had been lifted from the pickup truck, as well as Dowthard's palmprint and the exhibits prepared at the F.B.I. laboratory in question. Thus the State, by reason of testimony in rebuttal of a defense witness, was attempting to add to and connect certain evidence they could have submitted during their case in chief.

It was the contention of the defendant that the State, having allegedly failed during its case in chief to connect this evidence and provide sufficient evidence from which the case might be submitted to the jury, may not provide the missing evidence during rebuttal testimony. With this we do not agree.

Our Supreme Court early stated what is the general rule in this matter:

"The last objection which was made was on the ground that the evidence was improper rebuttal. This is a matter purely within the discretion of the trial court, and, in the absence of apparent abuse of the discretion, such action will not be reviewed on appeal." Central Copper Company v. Klefisch, 34 Ariz. 230, 244, 270 P. 629, 634 (1928).

And this Court has stated:

"A trial judge is granted considerable latitude in the matter of sequence of proof." State v. Farrell, 1 Ariz.App. 112 at 115, 399 P.2d 915 at 918 (1965).

And our Supreme Court has recently stated:

"We do not believe that this was an abuse of discretion for on rebuttal the state may offer any competent evidence which is a direct reply to or a contradiction of any material evidence introduced by the accused even though it may tend to prove another offense or strengthen the prosecution's case." State v. Kuhnley, 74 Ariz. 10 at 19, 242 P.2d 843 at 849 (1952).

Generally, where the defendant, by putting on testimony opens the door to proper rebuttal, he cannot complain if rebuttal testimony, offered by the State, also tends to prove or reinforce the State's case in chief, or as here, supply the missing evidence with which to connect defendant's fingerprints to the crime:

"Evidence which would have been proper as part of plaintiff's affirmative case, and which he has no right to introduce as affirmative evidence after the defendants had rested, may still be offered by the plaintiff if it tends to impeach or discredit the testimony of defendants." Seguin v. Berg, 260 App.Div. 284, 21 N.Y.S.2d 291 at 293 (1940).

See also People v. Contreras, 226 Cal Rptr. 2d 700, 38 Cal.Rptr. 338 (1964) and Tice v. State, Okl.Cr., 283 P.2d 872 at 879 (1955).

This Court having searched the record in the cause can find no reversible error. Judgment is affirmed.

STEVENS, C. J., and DONOFRIO, J., concurring.