474 P.2d 1020

Bernard JANSEN, Appellant,

v.

Edwin A. LICHWA, D.O., Appellee.

No. 2 CA–CIV 742.

Court of Appeals of Arizona, Division 2.

Oct. 6, 1970.

Rehearing Denied Nov. 12, 1970.
Review Denied Dec. 22, 1970.

Odgers & Barker, by J. Emery Barker, Tucson, for appellant.

Lesher & Scruggs, by Robert O. Lesher and D. Thompson Slutes, Tucson, for appellee.

HATHAWAY, Judge.

Appellant, plaintiff below, sued appellee, defendant below, for medical malpractice in treating a fractured arm. The appellee set appellant's arm, applied a cast to it, and continued treating appellant. Due to a weakening of the bone in the arm, surgery and therapy became necessary in an attempt to restore the arm to normal use; these attempts failed. Appellant's arm remains permanently injured and he can no longer continue in his usual employment, truck driving.

Appellant charged that his disability was due to the extreme angle in which the arm was cast and the long period it was kept in the cast. Appellee contended that appellant's disability was due to Sudek's atrophy, a condition that occurs in some people but not others regardless of treatment.

Appellant complains on appeal of certain procedural issues. He served appellee with a pretrial interrogatory requesting disclosure of the written texts or authoritative material appellee's expert witness would use and that his attorney would use in cross-examination. Appellee replied that it was "not known at this time." Trial counsel for appellee appeared at trial with 14 medical texts which he used extensively in cross-examination. Appellant contends that appellee waived any right to use such material by failing to answer the interrogatory as to textbooks to be used, and their use at trial should not have been permitted.

"Where the expert relied upon a treatise in his treatment or diagnosis, or where he concedes that the treatise is standard and authoritative, most courts allow the cross-examiner to read specific passages and inquire whether the expert agrees or disagrees. But if the witness is not familiar with the work or does not concede that it is authoritative, most jurisdictions will not allow such cross-examination, unless the witness has cited other authorities in support of his position. In that event, many courts allow cross-examination as to treatises though the witness does not concede their standing. Some courts allow rather liberal use of treatises on cross-examination regardless of the witness's familiarity with, reliance on, or his use of treatises generally; this is on the theory that it is a proper method of testing the witness's competency and qualifications." Udall, Arizona Law of Evidence § 25.

Apparently Arizona has not taken a position on the matter. It would seem that a great deal of time and bother would be avoided if a party could discover the texts on which the opposing expert will base his

opinion and those texts the expert accepts as authoritative.

■ Aside from the inherent difficulties and frequent impossibility of compliance, we know of no good reason requiring disclosure of the texts a party will use in cross-examining the other party's expert witness. Given the theories listed above on cross-examining expert witnesses, the first party should know what his own expert considers authoritative together with supporting texts. The cross-exchange of information should result in full discovery. Additionally, a party frequently doesn't know what will be used to cross-examine an expert witness until his testimony on direct examination has been heard.

■ Failure to exclude these texts in this case, however, was harmless error. The parties agreed to continue discovery until the time of trial. Appellee just before trial disclosed two experts to appellant. Appellant objected to this late disclosure and one of the experts was not permitted to testify. The other was allowed to testify since he was present and available to be deposed by appellant. Appellant took his deposition the night before trial began. Appellant therefore had ample opportunity at the taking of the deposition to discover what texts would be used by the expert. The agreement to continue discovery until trial, coupled with the opportunity to discover these texts at the taking of the deposition makes this error harmless.

■ Appellant's next claim of error concerns an expert witness used by appellee. In another interrogatory appellee was asked what expert defense witnesses would be called. Appellee's first reply was that it was not known at this time. The answer was amended just before trial to show that a doctor from Colorado and one from California might be called. One of the doctors was allowed to testify over objection of appellant at the trial. Appellant on the grounds of surprise and failure to answer an interrogatory contends that the testimony of this expert should not have been allowed, since he had not been disclosed until just before the trial and he was not previously listed as a defense expert witness in answer to an interrogatory. Rule VIII of the Uniform Rules of Practice of the Superior Court (Vol. 17, A.R.S., Pocket Supp.) requires the trial judge to "make such order as he deems appropriate" when there is non-compliance with discovery rules and the pretrial order. He is given broad discretion in assuring that there is adequate opportunity for discovery and that parties are not unduly prejudiced. Carver v. Salt River Valley Water User's Association, 104 Ariz. 513, 456 P.2d 371 (1969). We will not interfere with the trial court's permitting a witness, not named in answers to interrogatories, to testify in the absence of a showing of abuse of discretion. Zakroff v. May, 8 Ariz.App. 101, 443 P.2d 916 (1968). Miracle Mile Bottling Co. v. Drake, 12 Ariz. App. 439, 471 P.2d 741 (1970). The agreement to continue discovery until trial eliminates or greatly weakens appellant's argument of surprise since it is reasonable to assume that with such an agreement both parties would contemplate the other bringing up new material on short notice. Since appellant did take the expert witness' deposition, it cannot now be said that his testimony was a complete surprise.

■ The expert gave no testimony that would be considered unusual in a case of this type. Appellant was free to cross-examine him as an expert with any authoritative text on the subject. In Macshara v. Garfield, 20 Utah 2d 152, 434 P.2d 756 (1967), a witness was allowed to testify even though he had not been disclosed at pretrial. The court there indicated that failure to allow such testimony would have been an abuse of discretion. Given the agreement to continue discovery and the fact that the testimony was not different than that that could be expected from any other expert in a similar situation, it is our belief that the discretion of the trial court has not been abused.

■ Appellant's final claim of error is pointed at the trial court's refusal to al-

low him to use Dr. DeVries as a rebuttal witness to the defense case. This doctor was to be used by appellee as an expert witness, but when it was found that his testimony would not be favorable for appellee, another expert was substituted for him. Appellant contends that error was committed in not allowing him to use Dr. DeVries to rebut the defense's case as to course of treatment, standard of care, and appellee's malpractice. Testimony will not be precluded from being made part of rebuttal just because it might have been made part of the case in chief, City Transfer Co. v. Johnson, 72 Ariz. 293, 233 P.2d 1078 (1951). Rebuttal evidence is to counter a new fact or allegation made by an opponent's case. Mathews v. Chicago and North West Ry. Co., 162 Minn. 313, 202 N.W. 896 (1925); State v. McGlade, 165 Kan. 425, 196 P.2d 173 (1948). It has been recognized that the line between direct and rebuttal evidence is hazy and hard to determine and the trial court must have reasonable discretion in fixing the line. The trial court's determination will not be disturbed unless manifest abuse has prejudiced the complaining party. Caughlin v. Sheets, 206 Okl. 283, 242 P.2d 724 (1952); Hardman v. Younkers, 15 Wash.2d 483, 131 P.2d 177 (1942). From the record before us we cannot see that any new facts or allegations were made by appellee's case that would call for rebuttal nor does appellant direct our attention to such matter. In light of the fact that Dr. DeVries' testimony would go to matters that appellant needed to prove to make a case (course of treatment, standard of care, appellee's malpractice), we cannot say that the trial court abused its discretion and prejudiced appellant.

Judgment affirmed.

HOWARD, C. J., and KRUCKER, J., concur.