569 P.2d 815

**STATE of Arizona, Appellee,**

v.

**Steven Daniel YOUNG, Jr., Appellant.**

**No. 3867.**

Supreme Court of Arizona,
In Banc.

Sept. 15, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Charles M. Thomas, Mesa, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant was convicted by a jury of assault with intent to commit murder in violation of A.R.S. § 13-248. He was sentenced to not less than ten years nor more than twenty-five years in the state prison. Jurisdiction was assumed pursuant to 47(e), 17A A.R.S. Judgment affirmed.

On April 3, 1976, the complaining witness, Adolfo Tapia, was at the home of a friend, Vicki Corral. Her brother, Francisco Fer-

nando Corral, was also present. Some time after 8:00 p.m., appellant came to the door and asked for Tapia. Tapia and Francisco went outside with appellant after he told them that Tapia's nephew was having car trouble. While outside, a fight occurred and Tapia was stabbed twice, once in the face and once in the back. Tapia placed the time of the assault at around 8:30 p.m. Vicki Corral testified that the incident occurred some time between 9:00 and 10:00 p.m.

The defense presented the testimony of two alibi witnesses. Appellant's uncle, Gilbert Acosta, testified that he saw appellant at Gene's Bar from 8:00 p.m. until 9:30 p.m. The other alibi witness, Sodero Delgado, testified that he and appellant were together most of the afternoon. He testified that they were at Gene's Bar from 8:00 or 8:30 p.m. until 10:00 or 10:30 p.m.; and that after this they were at his home until midnight. Appellant denied any involvement in the assault on Tapia.

Appellant first urges that the trial court committed reversible error when it gave an instruction on aiding and abetting.

A.R.S. § 13–140 provides:

"All persons concerned in the commission of a crime whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall be prosecuted, tried and punished as principals, and no other facts need be alleged in any indictment or information against such a person than are required in an indictment or information against a principal."

■ The evidence amply supported the giving of the instruction. Appellant was identified by three persons as the man who persuaded Tapia to come outside. He was also identified as the person who stabbed Tapia in the face. We have held:

"that if the evidence presented in a case is sufficient to support some theory by which the jury might have reasonably found the defendant guilty of the offense which was the subject of an instruction, then the instruction was properly given." State v. McIntyre, 106 Ariz. 439, 445, 477 P.2d 529, 535 (1970).

If, in the light of the fact that appellant was not identified as the man who inflicted the second wound, the jurors did not believe that appellant inflicted the wounds, they could still believe that he aided and abetted in the knifing of Tapia.

■ Appellant contends that the trial judge committed reversible error when he instructed the jury that malice could be found from the use of a deadly weapon. The settled law in this jurisdiction is that malice can be found from the use of a deadly weapon. State v. Harwood, 110 Ariz. 375, 378–79, 519 P.2d 177 (1974).

■ The instruction which the trial court proposed to give was worded:

" * * * If you determine that the defendant used a deadly weapon in the killing, you may find malice. * * *."

Inadvertently, the word "must" was substituted for "may" when the instruction was read to the jury. Appellant did not object to the error at the trial. It was therefore waived. Rule 21.3(c), Rules of Criminal Procedure, 17 A.R.S. We have said:

"Errors or omissions in the giving of instructions which were not raised at trial will not be considered unless the error is so fundamental that it is manifest the defendant did not receive a fair trial." State v. Coward, 108 Ariz. 270, 271, 496 P.2d 131, 132 (1972).

Because of the overwhelming nature of the evidence supporting the conviction, we are satisfied the trial judge's error did not deprive the appellant of a fair trial.

■ Appellant contends that the prosecutor's closing argument was calculated to prejudice and inflame the jury. Here, again, defense counsel neither objected during the prosecution's closing argument, nor after the prosecution's argument and before the case was submitted to the jury. Consequently, we adhere to our announced rule that failure to object to a closing argument is a waiver of any right to review on appeal unless so prejudicial as to deny the defendant a fair trial. State v. Owens, 112 Ariz. 223, 228, 540 P.2d 695 (1975). We do

not think that by any possible stretch of the imagination can the State's argument be said to have denied appellant a fair trial.

 Appellant urges that the court erred in allowing the prosecution to examine Officer Robert Munoz on rebuttal as to the time when a call was received concerning the knifing and how long it took to walk from Gene's Bar to the Corral home. We do not think so. What constitutes proper rebuttal is within the trial court's discretion and in the absence of an apparent abuse thereof its action will not be reversed on appeal. *Central Copper Co. v. Klefisch*, 34 Ariz. 230, 243, 270 P. 629 (1928). The scope of rebuttal evidence was thoroughly examined in *Jansen v. Lichwa*, 13 Ariz.App. 168, 474 P.2d 1020 (1970), wherein it was held:

"Testimony will not be precluded from being made part of rebuttal just because it might have been made part of the case in chief, *City Transfer Co. v. Johnson*, 72 Ariz. 293, 233 P.2d 1078 (1951). Rebuttal evidence is to counter a new fact or allegation made by an opponent's case. *Mathews v. Chicago and North West Ry. Co.*, 162 Minn. 313, 202 N.W. 896 (1925); *State v. McGlade*, 165 Kan. 425, 196 P.2d 173 (1948). It has been recognized that the line between direct and rebuttal evidence is hazy and hard to determine and the trial court must have reasonable discretion in fixing the line. The trial court's determination will not be disturbed unless manifest abuse has prejudiced the complaining party." 13 Ariz. App. at 171, 474 P.2d at 1023.

Of course, if new matter is permitted to be introduced in rebuttal, a defendant should be permitted to introduce contradictory evidence in surrebuttal, especially where the evidence offered in surrebuttal is for the first time made competent by the evidence introduced in rebuttal. *People v. Martinez*, 181 Colo. 27, 506 P.2d 744 (1973).

Appellant's final assignment of error is that he should have been sentenced to a minimum term of five years instead of ten years. A.R.S. § 13–248 provides:

"A. A person who assaults another with intent to commit murder shall be punished by imprisonment in the state prison for not less than five years and the sentence may extend to life.

B. A crime as prescribed by the terms of subsection A, committed by a person armed with a gun or deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years, * * *."

The statute calls for a sentence of not less than five years nor more than life imprisonment for a first offense where a defendant is armed with a deadly weapon.

Appellant was sentenced to not less than ten years nor more than twenty-five years in the state prison. Such a sentence is clearly within the statutory limitations. Nor do we think under the circumstances of the crime there was an abuse of the trial court's discretion in imposing the sentence as given. *State v. Maberry*, 93 Ariz. 306, 309, 380 P.2d 604 (1963); *State v. Deringer*, 20 Ariz.App. 60, 61, 510 P.2d 59 (1973).

The judgment of the trial court is affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.