NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN GARLAND CREASEY, *Appellant*.

No. 1 CA-CR 13-0833
FILED 06-24-2014

Appeal from the Superior Court in Mohave County
No. S8015CR201200849
The Honorable Rick A. Williams, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Defender's Office, Kingman
By Diane S. McCoy
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Margaret H. Downie joined.

---

**K E S S L E R**, Judge:

¶1　　　　John Garland Creasey appeals his conviction on one count of aggravated DUI with a blood alcohol concentration ("BAC") of .08% or more, a class 4 felony.　Creasey argues the trial court erred in admitting rebuttal testimony about the inherent dangers of drinking alcohol and driving a motor driven cycle.　For reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2　　　　Creasey was stopped by Officer J.T. ("J.T.") while riding a motor driven cycle because the vehicle did not have a rear license plate.[1] During the traffic stop, another officer arrived and observed that Creasey's breath smelled strongly of alcohol.　After Creasey agreed to and performed poorly on multiple field sobriety tests, he was arrested and taken to Lake Havasu Police Station.　An Intoxilyzer breath test was administered by an officer who later testified at trial that Creasey's blood alcohol concentration levels were .152 and .146, respectively.

¶3　　　　A grand jury indicted Creasey on one count of aggravated DUI based on impairment, a class 4 felony ("Count 1"), and one count of aggravated DUI based on an alcohol concentration of .08% or more, a class

---

[1] Although Creasey referred to the cycle as a "moped," it does not qualify as a "moped" because it does not have pedals like a bicycle. *See* Ariz. Rev. Stat. ("A.R.S.") § 28-101(31) (Supp. 2013) (defining moped as "a bicycle that is equipped with a helper motor if the vehicle has a maximum piston displacement of fifty cubic centimeters or less, a brake horsepower of one and one-half or less and a maximum speed of twenty-five miles per hour or less on a flat surface with less than one per cent grade.").　The vehicle is a "motor driven cycle," a type of motorcycle, because it is a motor scooter and has an engine that produces less than five horsepower. *See* A.R.S. § 28-101(32).　Therefore, we will refer to it as a motor driven cycle.

4 felony ("Count 2"), both aggravated because Creasey was allegedly driving on a suspended license. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 28-1381(A)(1)-(2) (2012); -1383(A)(1) (Supp. 2013). At trial Creasey admitted that he had been drinking at lunch immediately before driving the motor driven cycle. He also admitted that he was driving while his license was suspended.

¶4        During opening statements, Creasey referred to the paltry engine size and horsepower of the motor driven cycle he was riding at the time of arrest. Additionally, he stated the motor driven cycle's maximum speed was not "above [twenty-five] miles per hour." In the State's rebuttal case, J.T. testified there were general, inherent dangers with motor driven cycles when you "combine that with alcohol," both for the driver and for others. Creasey did not object to this testimony. The State also asked J.T. if, as an officer on an accident investigation team, he had ever responded to accidents or fatalities involving alcohol and motor driven cycles. Creasey objected on the grounds the subject was irrelevant and outside the scope of rebuttal. The trial court overruled the objection and J.T. responded that he had been to motor driven cycle accidents involving fatalities when alcohol was involved and when it was not. During cross-examination of J.T., Creasey inquired whether such an accident had occurred and whether anyone was hurt in this case. J.T. responded that there was not.

¶5        The jury acquitted Creasey of Count 1, but convicted him on Count 2. Due to his two prior historical felony convictions, he was sentenced as a category three repetitive offender to a mitigated term of eight years' incarceration. Creasey timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2003), 13-4031 (2010), and 13-4033(A)(1) (2010).

## DISCUSSION

¶6        Creasey argues the trial court improperly admitted Officer J.T.'s rebuttal testimony over his relevance and scope of rebuttal

objections.[2]   Rebuttal evidence is introduced to counter a new fact or allegation made in an opponent's case. *Jansen v. Lichwa*, 13 Ariz. App. 168, 171, 474 P.2d 1020, 1023 (1970).   Determining what testimony is proper rebuttal is within the trial court's discretion. *State v. Christensen*, 129 Ariz. 32, 37, 628 P.2d 580, 585 (1981).   When the defendant has previously admitted evidence that "opens the door" on a subject at issue, rebuttal testimony on that issue is proper. *State v. Dowthard*, 3 Ariz. App. 237, 239, 413 P.2d 296, 298 (1966).   Relevance of expert testimony is measured by whether the jury will receive any discernible help from the testimony of a particular witness with reference to the subject of the testimony. *Bliss v. Treece*, 134 Ariz. 516, 518-19, 658 P.2d 169, 171-72 (1983); *see also* Ariz. R. Evid. 702.   Under Arizona Rule of Evidence 403, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or misleading the jury.

¶7          We will not disturb a trial court's decision on the admission of testimony absent an abuse of discretion. *State v. Steelman*, 120 Ariz. 301, 319, 585 P.2d 1213, 1231 (1978).   "'Abuse of discretion' has been defined as an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *State v. Woody*, 173 Ariz. 561, 563, 845 P.2d 487, 489 (App. 1992) (citation omitted).   Even if the trial court erred in determining admissibility of evidence, we will not reverse unless the error was prejudicial. *Steelman*, 120 Ariz. at 319, 585 P.2d at 1231.   To determine prejudice, "[t]he inquiry . . . is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." *State v. Anthony*, 218 Ariz. 439, 446, ¶ 39, 189 P.3d 366, 373 (2008) (citation omitted).   In reviewing the ruling, we construe the evidence in the light most favorable to sustaining the trial court. *Crowe v. Hickman's Egg Ranch, Inc.*, 202 Ariz. 113, 115, ¶ 6, 41 P.3d 651, 653 (2002).

¶8          Here, the court did not err in admitting the evidence. Creasey opened the door to evidence on the subject of dangerousness in his opening argument when he presented the motor driven cycle as

---

[2] Creasey also argues the testimony was inadmissible as improper expert testimony.   Creasey did not raise this argument at trial.   Arguments first raised on appeal are considered waived absent fundamental error. *See State v. Goldsmith*, 112 Ariz. 399, 401, 542 P.2d 1098, 1100 (1975).   As discussed below, we find no fundamental error in the admission of the testimony.

"paltry," and only able to reach twenty-five miles an hour. Evidence of the danger of driving a motor driven cycle was relevant to rebut any claim by Creasey that the minor level of his infraction could influence the jury's decision on the charges of driving under the influence.

¶9 Even if the trial court erred, we find no reversible error. As to the testimony about fatalities from motor driven cycle accidents, Creasey objected based on relevance and that it was beyond the scope of the direct evidence since there was no accident in this case. Because the objection was preserved we review for harmless error, *see State v. Henderson*, 210 Ariz. 561, 567, ¶ 18, 115 P.3d 601, 607 (2005), and the State has the burden to show that the guilty verdict rendered was surely unattributable to the error, *see Anthony*, 218 Ariz. at 446, ¶ 39, 189 P.3d at 373.

¶10 The only issues before the jury on Count 2 were whether Creasey was driving with a BAC greater than .08% and whether his license to drive had been suspended. The jury was so instructed. Creasey admitted to drinking before driving on the day of his arrest. The police officer who conducted the Intoxilyzer test testified Creasey's BAC was over .08%. Creasey admitted he was driving while his license was suspended. Testimony about dangers of driving under the influence would not affect the jury's determination as to Creasey's driving with a BAC of greater than .08%.

¶11 Creasey argues even generalized irrelevant testimony to strengthen a party's case can amount to prejudicial error. His reliance on *State v. Moran*, 151 Ariz. 378, 728 P.2d 248 (1986), and *Pincock v. Dupnik*, 146 Ariz. 91, 703 P.2d 1240 (App. 1985), is misplaced. In *Moran*, the supreme court stated that generalized testimony about conduct of sexual abuse victims which might affect a jury's credibility determination may be admissible because such testimony will assist the jury in deciding the victim's credibility. 151 Ariz. at 381-82, 728 P.2d at 251-52. More particularized expert testimony about the victim is not admissible when the only evidence is the victim's testimony conflicting with the defendant's testimony. *Id*. at 382-83, 728 P.2d at 252-53. This evidence should not be admitted because it tends to tell the jury how to decide credibility. *Id*. at 383, 728 P.2d at 253. The expert testimony here is generalized, not particularized, and has nothing to do with credibility determinations. In *Pincock,* the court held that experts on accidents arising from high-speed police chases cannot testify as to the reasonableness of a particular chase because the issue is well within the knowledge of a jury. 146 Ariz. at 96, 703 P.2d at 1245. The testimony here did not concern the

reasonableness of Creasey's driving, only the generalized dangers of driving vehicles while under the influence. In addition, Creasey asked and J.T. testified on cross-examination that there was no such accident in this case and no one had been injured. This further supports a finding of harmless error. As such, the testimony did not unfairly prejudice Creasey so we find no reversible error.

¶12     Viewing the evidence in the light most favorable to upholding the verdict, we agree the State proved Creasey guilty of Count 2 beyond a reasonable doubt. The State has also shown any alleged error was harmless. We conclude any alleged error in allowing improper and irrelevant expert testimony in rebuttal had no effect on the jury's verdict.

¶13     Creasey also argues the trial court improperly admitted J.T.'s testimony about the inherent dangers of combining alcohol and motor driven cycles under Arizona Rule of Evidence 403 as unfairly prejudicial. We accord substantial discretion to the trial court in weighing a Rule 403 objection. *Hudgins v. Sw. Airlines, Co.*, 221 Ariz. 472, 481, ¶ 13, 212 P.3d 810, 819 (App. 2009). Creasey did not object to this testimony at trial, thus waiving any Rule 403 objections. *See State v. Montano*, 204 Ariz. 413, 425, 426, ¶¶ 58, 63, 65 P.3d 61, 73, 74 (2003). In the absence of an objection at trial, we review only for fundamental error. *Henderson*, 210 Ariz. at 567, ¶ 19, 115 P.3d at 607.

¶14     Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id.* (citation omitted). The defendant must prove both that fundamental error exists and that the error caused prejudice. *Id.* at ¶ 20. For the reasons stated above, Creasey has not proven there was error in admitting this testimony, nor that he was unfairly prejudiced by its admission.

## CONCLUSION

¶15     For the foregoing reasons, we affirm Creasey's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: gsh