NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DEREK R. ACHENBACH, *Appellant*.

No. 1 CA-CR 18-0800
FILED 12-24-2019

Appeal from the Superior Court in Coconino County
No. CR2017-00419
The Honorable Mark R. Moran, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist
*Counsel for Appellee*

Coconino County Legal Defender's Office, Flagstaff
By Joseph A. Carver
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

_____

**B R O W N**, Judge:

**¶1**　　　　Derek R. Achenbach appeals his conviction and sentence for sexual abuse.  For the following reasons, we affirm.

## BACKGROUND

**¶2**　　　　Achenbach married Z.W.'s mother in June of 2011, when Z.W. was eight years old.  On a camping trip in Flagstaff in September 2015, Achenbach fondled Z.W.'s breasts while they were sleeping in the same tent.  Z.W. eventually reported the incident to her mother, stating that Achenbach had "touched [her] inappropriately" on that trip and during a sleepover in May 2016 at Achenbach's house in Phoenix.  During a confrontation call, Achenbach provided several general statements that confirmed he had sexual contact with Z.W.

**¶3**　　　　As relevant here, a Coconino County grand jury indicted Achenbach for one count of sexual abuse related to the Flagstaff incident. When Achenbach proceeded to trial in Coconino County, he had already been convicted in Maricopa County on two counts of sexual abuse stemming from the Phoenix incident.[1]  The State used the confrontation call as evidence in both trials.

**¶4**　　　　A jury found Achenbach guilty of sexual abuse in the Coconino County trial, and the superior court sentenced him to eight years imprisonment.  Achenbach timely appealed.

## DISCUSSION

_____

[1]　　　　Achenbach received a suspended sentence, with concurrent lifetime supervised probation and, as a condition of probation, six months in jail. *State v. Achenbach*, 2019 WL 2395114 (App. 2019).

### A.     Confrontation Call

¶5          Achenbach contends the superior court violated his fundamental rights by allowing the State to argue that his statements in the confrontation call were admissions to the sexual acts in both Coconino County and Maricopa County.  We review a superior court's evidentiary rulings for an abuse of discretion. *State v. Davolt*, 207 Ariz. 191, 208, ¶ 60 (2004).  We review questions of law de novo.  *State v. Moody*, 208 Ariz. 424, 445, ¶ 62 (2004).

¶6          Before the Coconino County trial, the State moved to admit the acts from the Maricopa County incident to show Achenbach had a character trait giving rise to an aberrant sexual propensity under Rule 404(c) of the Arizona Rules of Evidence.  The superior court permitted the admission of the evidence, including the confrontation call, over Achenbach's objection.

¶7          After jury selection, Achenbach moved to preclude the State from arguing that the statements in the confrontation call constituted admissions to the sexual acts in Coconino County.  Achenbach contended that allowing the State to make such an argument was unfairly prejudicial and resulted in double jeopardy because the State had previously used the statements as admissions to the Maricopa County acts.  The superior court denied the motion, finding that Achenbach failed to make an offer of proof substantiating his assertion that the confrontation call addressed only one incident but was being used against him in both the Maricopa and Coconino County cases.  The court perceived no double jeopardy violation and noted that the transcript provided no reference or context for when or where the acts discussed in the call occurred.  The court also found that the probative value of the evidence was not substantially outweighed by unfair prejudice.  The record supports these findings.

¶8          The confrontation call started with a discussion of an invented topic about a boy at Z.W.'s school.  Z.W. told Achenbach that when he touched her "it felt good but . . . [she] was a little confused."  He asked for clarification regarding the "touch[ing]" to which she was referring.  Z.W. again stated, "When you touched me, it felt good," and Achenbach soon after replied, "You felt that way?"  She then said, "I like it, but I'm just trying to ask questions and learn . . . ."  Achenbach responded, "Ok.  Those feelings, they happen when you're close to people and you admire somebody no matter what their age is."

¶9          Shortly thereafter, Z.W. asked, "Did you like it when you did it to me?" Achenbach asked for clarification again: "When I did what, honey?" Z.W. answered, "Just when you touched me, because it felt good . . . I want to know if you liked it too." Following a pause, Achenbach became emotional. He next asked Z.W. where she was and if she had talked to anyone about "this." Z.W. stated that she had not and asked if she should talk to someone. Achenbach replied, "Talk to me more." Later, Z.W. said, "Ok. Well I know that when you did it, I felt really special . . . I haven't been able to feel that way again . . . even with this boy . . . it's not the same."

¶10          Z.W. asked if she could come over to Achenbach's house again. He replied that he would like that very much, and asked, "What kind of touching . . . were you wanting to know was good or not?" Z.W. stated, "When you touched my boobs . . . ." After a pause, Achenbach told Z.W. she was beautiful. Z.W. followed up by asking if he liked it when he touched her and "when [he] touched . . . [her] boobs." Achenbach answered that "it does make me feel good." Achenbach continued by telling Z.W. that it was not something that should happen, but it was "very ok" for it to "feel good" and that "a lot of people don't see that as being good because of age," and "they make it more than what it is." Z.W. then asked what Achenbach was thinking when he touched her. Achenbach answered, "I wanted you to feel good. You didn't seem happy."

¶11          We agree with the superior court that the statements made in the confrontation call do not contain any admissions to a particular, exclusive event. The statements do not refer to a specific location or give any detail that reveals, or limits, what incidents Z.W. and Achenbach were discussing. Thus, the record does not support Achenbach's factual assertions that either the confrontation call or the related arguments urged by the State based upon the call provided "inconsistent theories" in the two trials.

¶12          Given the imprecise and open nature of the conversation, no contradiction or inherent conflict arose by permitting the State to argue that the statements substantiated separate, multiple acts of sexual touching in different locations. The State could reasonably argue that the statements could be interpreted as confirming either incident or both incidents, and Achenbach could reasonably argue they did not refer to either incident. *See State v. Hill*, 174 Ariz. 313, 322 (1993) ("We have consistently held that wide latitude is to be given in closing arguments and that counsel may comment on the evidence and argue all reasonable inferences therefrom."). The jury was appropriately tasked with determining the meaning and weight of the statements within the full context of the evidence, which included

testimony regarding the Maricopa County acts under Rule 404(c). Additionally, to the extent the confrontation call consisted of propensity evidence under Rule 404(c), the superior court gave the jury proper limiting instructions in accordance with Rule 404(c)(2).

**¶13**        Achenbach asserts nonetheless that collateral estoppel and double jeopardy prohibited the State from using Achenbach's statements as admissions in the Coconino County trial. Collateral estoppel bars the State from relitigating an issue of fact previously determined in the defendant's favor following an acquittal. *State v. Detrich*, 188 Ariz. 57, 62 (1997). Double jeopardy precludes a second prosecution for the same offense. *State v. Nunez*, 167 Ariz. 272, 275 (1991). Achenbach was prosecuted and convicted in Maricopa County for distinct conduct that occurred at different times and in different locations than the Coconino County offenses. Double jeopardy and issue preclusion protections are not applicable here, where the State presented admissible evidence for distinct acts that occurred in separate jurisdictions.

**¶14**        Achenbach also contends that when the State used the confrontation call in the Maricopa County trial, he was placed on notice that the State would use the call only as Rule 404(c) evidence in the Coconino County trial. But he offers no support from either trial record for his assertion that the State gave Achenbach such notice.

### B.        Rebuttal Evidence

**¶15**        Achenbach also argues the superior court improperly permitted the State to call a detective to rebut Achenbach's testimony. Achenbach contends that the detective's testimony compelled him to present other previously-unaddressed parts of the interview that contained prejudicial information.

**¶16**        A party may present evidence in rebuttal to counter a new fact or allegation made in the opposing party's case. *State v. Young*, 116 Ariz. 385, 387 (1977). We review a court's ruling on the admission of rebuttal evidence for an abuse of discretion. *Moody*, 208 Ariz. 424, 453, ¶ 107 (2004).

**¶17**        During direct examination, Achenbach stated that the detective promised him during the post-*Miranda* interview that "if [Achenbach] told him the truth, that he would be let go." He repeated the allegation on cross-examination. Later during cross-examination, Achenbach changed his position, stating that the detective alluded to or implied the promise, and the implication of a promise resulted from Achenbach's interpretation of the detective's statements.

¶18 The State asked to call the detective to counter Achenbach's assertions. Over Achenbach's objection, the superior court granted the State's request. The detective testified in rebuttal that he never promised to "let [Achenbach] go" in exchange for the truth. During cross-examination of the detective, Achenbach presented portions of the interview that included discussion of what would happen to Achenbach after the interview was completed. Specifically, the detective informed Achenbach that "it was up to the judge." The detective testified that he thought Achenbach was not answering questions completely honestly or accurately during the interview.

¶19 Achenbach's testimony during direct examination explicitly raised the issue of whether his statements to the detective in the interview were voluntary. As the superior court instructed, a jury must determine "beyond a reasonable doubt" whether any statements made to law enforcement were voluntary before considering them and that a statement was "not voluntary" if the statement resulted from a direct or implied promise or from coercion. By testifying that the detective made express and implied promises, Achenbach disputed the voluntariness of his statements and, as a result, invited the jury to ignore or discount any resulting incriminating statements. The court acted within its discretion by permitting the detective to testify in rebuttal to contradict Achenbach's allegations.

¶20 Achenbach was not compelled to present portions of the interview referring to jail and to the detective's interpretation of his truthfulness in the interview. To the extent Achenbach concluded that the rebuttal testimony required him to cross-examine the detective comprehensively, an accused's need or decision to present a defense does not produce compulsion. *See U.S. v. Rylander*, 460 U.S. 752, 758 (1983) (holding that Fifth Amendment privilege should not be "convert[ed] from the shield . . . which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his"); *Williams v. Florida*, 399 U.S. 78, 84 (1970) ("That the defendant faces . . . a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination.").

**CONCLUSION**

**¶21**       For the foregoing reasons, we affirm Achenbach's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA