456 P.2d 393

**STATE of Arizona, Appellee,**

v.

**Carlos Billy HUGHES, Appellant.**

**No. 1879.**

Supreme Court of Arizona.

In Banc.

July 9, 1969.

536

Gary K. Nelson, Atty. Gen., Phoenix, William J. Schafer III, Pima County Atty., Fred Nestor Belman, Deputy County Atty., Tucson, for appellee.

Carlos Billy Hughes, in pro. per., and Eric M. O'Dowd, Tucson, for appellant.

LOCKWOOD, Vice Chief Justice:

Carlos Billy Hughes, hereinafter referred to as defendant, was tried and convicted of the crime of rape, first degree, in violation of A.R.S. § 13–611. Defendant was sentenced to serve not less than ten nor more than twelve years at the Arizona State Prison.

Defense counsel filed a memorandum with this Court indicating that he had searched the record and had found no error in the proceedings in the trial court. In the same memorandum he also sets forth specific matters which "might arguably support the appeal," calling to the Court's attention four possible errors in the trial. Defense counsel also advised the defendant to review the record for errors. Defendant has reviewed the record and filed a brief labeled "Supporting Arguments and Contentions." The state filed a memorandum designated as "Opposition to Supporting Arguments and Contentions." While these various documents do not conform to the usual forms used for briefs on appeal, they do in effect serve the purpose of advising the Court of claimed errors. We have considered them as such briefs.

■ Defense counsel indicates that there may have been error in admitting testimony of an officer with respect to statements made by the ten year old victim within twenty-five minutes after the alleged rape took place. It is contended that the testimony was inadmissible because it was hearsay. We have reviewed the testimony of the officer and find that the victim's statements fall within the limits of the res gestae exception to the hearsay rule. State v. Evans, 104 Ariz. 434, 454 P.2d 976 (May 28, 1969).

■ Defense counsel contends that he was repeatedly limited in his cross examination of the victim and of the victim's sister, and was therefore not permitted to test the victim's bias, credibility or character. We have reviewed the questions propounded by defense counsel, to which objections were sustained, and fail to see where the questions might have been material. There is no indication what the defense counsel was attempting to elicit by the questions, and this Court will not find error on mere conjecture. The control of the cross examination is left to the sound discretion of the trial judge and will not be disturbed in the absence of a showing from the record of abuse of that discretion. Where it is not clear what the nature of the excluded testimony might have been, we can find no abuse of that discretion. State v. Holden, 88 Ariz. 43, 55, 352 P.2d 705, 714 (1960).

■ Defense counsel contends that the trial judge improperly admitted statements of defendant made to a police officer, and improperly found that the statements were made voluntarily and after a knowing and intelligent waiver of defendant's rights. At a hearing conducted outside the presence of the jury, the trial judge examined the evidence and concluded that the statements were voluntary. There was conflicting evidence as to whether the statements were voluntary, but there was substantial evidence from which the trial judge could determine that they were made after a knowing and intelligent waiver. We must

conclude that the statements were properly admitted.

■ Defense counsel's last contention is that the court wrongly instructed the jury as to the requisite "penetration" necessary to establish rape. The instruction given by the court was

"Any sexual penetration however slight is sufficient to complete the crime of rape if the other requisite facts are present."

Defense counsel contends that the instruction "does not sufficiently specify that the penetration required has to be that of a penis." We believe that the words "sexual penetration" sufficiently implies that the penetration must be that of a penis. Nor do we believe that the jury could misconstrue the meaning of the instruction. The defense counsel's objection to the instruction given was properly overruled.

■ In his own brief defendant claims numerous reasons for reversing his conviction and sentence. For purposes of simplification, his contentions will be considered and answered in the order raised by defendant. Defendant's first contention is that the whole trial was a conspiracy against him because he constituted a threat to the reputations of certain public officers. Defendant fails to indicate who these "public officers" are or why they would conspire to bring criminal charges against him. There is nothing beyond defendant's mere general allegations of "conspiracy" for this Court to consider on this appeal. No questions of "conspiracy" were raised at the trial and we find nothing in the record which would substantiate defendant's claim.

This Court was faced with a similar problem of having to examine "bald allegations" of defense counsel in State v. McDaniel, 80 Ariz. 381, 298 P.2d 798 (1956). The Court found nothing in the record to support defense counsel's allegation that jurors had overheard prejudicial statements made by a newspaper man to defense counsel, and stated that

"The rule is well settled in this jurisdiction that prejudice will not be pre-

sumed, but must appear affirmatively from the record." 80 Ariz. at 389, 298 P.2d at 804.

We hold therefore that in the absence of any evidence of conspiracy against defendant, other than defendant's bald allegations thereto, the contention is without proper foundation for a review by this Court.

■ Defendant contends that the record indicates that the prosecutor coached witnesses outside the courtroom to produce incriminating testimony. This contention is based upon vague reasoning by the defendant, and the record fails to disclose any evidence to indicate that the prosecutor "coached" the witnesses nor does it reveal that the witnesses were testifying to anything other than that to which they had personal knowledge.

Defendant complains that the prosecutor used the testimony of persons of questionable professional status. This argument goes merely to the weight of the testimony of the witnesses and not to its admissibility.

"We recognize, rather, that it is for the jury to determine the truth of the witnesses' story, and that it is not the function of this court to retry that issue." State v. Berry, 101 Ariz. 310, 314, 419 P.2d 337, 341 (1966).

■ Defendant points out a great many discrepancies and contradictions in the testimony of the various witnesses. Some of the contradictions are insignificant and some appear to be substantial. Admitting the presence of such contradicting evidence, we have uniformly held that we will not disturb a verdict based upon conflicting evidence where there is substantial evidence to support it. State v. Seymour, 101 Ariz. 498, 421 P.2d 517 (1966); State v. Gutierrez, 81 Ariz. 377, 306 P.2d 634 (1957); Quong Yu v. Territory, 12 Ariz. 183, 100 P. 462 (1909). There was substantial evidence in the record which would support the verdict of the jury.

■ Defendant complains that the prosecutor used his opening statement to lead the jury into forming premature opinions of the defendant's guilt, before hearing the evidence thereon. An examination of the opening statement discloses that it does not go beyond the proper scope of an opening statement. The prosecutor merely advised the jury of the questions and issues involved in the case, and gave them a general idea of the evidence and testimony that would be introduced during the trial. Both the prosecutor and the trial judge advised the jury that none of the opening statements were evidence and that the jury should draw its conclusions only from the testimony and evidence introduced during the trial. There is no merit to this contention.

■ Defendant complains that the prosecutor's closing argument to the jury "constantly pointed to that part of testimony necessary for conviction, and disregarded all testimony that was contradicting, and clearly irrelevant, and ambiguous and vague." There is no authority cited for the proposition that the prosecutor should argue the defendant's case for him. It is a fundamental characteristic of our legal system that the prosecutor is an adversary in the courtroom. It is consistent with the adversary system that a defendant has a constitutional right to be represented by his own counsel. Defense counsel has the responsibility to point out the evidence in defendant's favor. The jury hears the arguments of both the prosecution and the defense and weighs the evidence to determine the innocence or guilt of the defendant. This objection is without merit.

■ Defendant's last contention is that defense counsel only "went through the motions of defending", that said defense was ineffective, and, as a practical matter, denied defendant of his constitutional right to counsel. We have examined defense counsel's conduct throughout the trial and find that he fairly and honestly submitted facts and arguments that might have secured defendant's acquittal or minimized the offense. State of Arizona v. Myers, 59 Ariz. 200, 125 P.2d 441 (1942). We agree with the statement in State v. Busta-

mante, 103 Ariz. 551, 447 P.2d 243 (1968), that "Effective representation cannot be equated with successful representation." We cannot say that defendant failed to receive effective assistance of counsel.

An examination of the entire record fails to disclose errors that would require this Court to reverse. We are convinced that defendant was afforded a fair and impartial trial. The judgment and sentence of the trial court are affirmed.

UDALL, C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.