539 P.2d 889

**STATE of Arizona, Appellee,**

v.

**William C. FARNI, Appellant.**

**No. 2998.**

Supreme Court of Arizona,
In Banc.

Sept. 4, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

James Hamilton Kemper, Phoenix, for appellant.

LOCKWOOD, Justice:

The appellant, William C. Farni, was convicted of the crime of robbery in violation of A.R.S. §§ 13–641 and 13–643 and sentenced to a term of not less than forty years, nor more than life in the Arizona State Prison.

The appellant's sole allegation of error is that his representation at the trial was so ineffective that he was denied his right to the assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution. We have repeatedly noted Arizona law on this point:

> " * * * [I]t is well established that the accused is bound by the trial strategy, misconduct and mistakes of counsel so long as counsel's assistance at trial was not reduced to a mere 'farce or sham.' *Bouchard v. United States*, 344 F.2d 872 (9th Cir. 1965); *Kruchten v. Eyman*, 406 F.2d 304 (9th Cir. 1969); *State v. Kruchten*, 101 Ariz. 186, 417 P. 2d 510 (1966) * * *." *State v. Jones*, 110 Ariz. 546, at 550, 521 P.2d 978, at 982 (1974).

Farni alleges that a survey of the record discloses several errors which establish incompetent assistance of counsel. We do not agree. The points raised by the appellant are either without merit or, at most, constituted tactical errors by his attorney which do not warrant reversal of the conviction. *State v. Lopez*, 3 Ariz. App. 200, 412 P.2d 882 (1966). The fact that defense counsel came to the trial without prepared voir dire questions and did not submit instructions for the court's approval is not evidence of ineffective representation. It is not alleged nor does a perusal of the transcript establish that the questioning of jurors or giving of instructions was somehow incomplete or improper. Defense counsel's decision to make an opening statement before the state presented its case was a reasonable tactical decision rather than "[t]he grossest example of the ineffectiveness of defense counsel" as appellant contends.

Other tactical decisions include counsel's statement during his opening argument to the jury that he intended to call the defendant and other witnesses during the defense's presentation, and his admission of the defendant's prior conviction and lengthy incarceration. Many attorneys feel the admission of a prior conviction in opening argument by defense counsel takes the "sting" out of such a revelation when it otherwise would be brought out by the state in its cross-examination of the defendant later at the trial.

The record indicates the promise to call the defendant and other witnesses was not carried out because defense plans changed abruptly after a recess at the conclusion of the state's presentation, when the defendant's attorney stated that "[a]fter discussing this matter with my client, my client has decided that we will rest at this time and not proceed." In closing argument the appellant's attorney told the jury that the defense presentation was curtailed because of what he asserted was the surprising inadequacy of the prosecutor's case. The fact that the attorney was unsuccessful in this strategy with the jury is not evidence of ineffective assistance of counsel. *State v. McCline*, 109 Ariz. 569, 514 P.2d 490 (1973); *State v. Pietsch*, 109 Ariz. 261, 508 P.2d 337 (1973).

The failure of defense counsel to cross-examine one witness and question others on certain points was also a tactical decision and is not evidence of incompetence. The late filing of the motion for a new trial did not prejudice the defendant as the court heard the motion despite the error. The additional points raised by appellant allegedly tending to prove ineffective assistance of counsel either are not borne out by the record or fall within the ambit of an attorney's legitimate exercise of judgment as to trial tactics or strategy. This is clearly not the extreme case where counsel was so inept that the proceedings became a farce or sham. The appellant's conviction resulted from the overwhelming

**134**

nature of the evidence produced against him.

The conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.