577 P.2d 1079

**The STATE of Arizona, Appellee,**

v.

**James Norman HALL, Appellant.**

**No. 3800.**

Supreme Court of Arizona,
In Banc.

March 31, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Acting Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Wade Church, Phoenix, for appellant.

CAMERON, Chief Justice.

This is a delayed appeal from a judgment of guilt after a guilty plea to the crime of second degree rape, A.R.S. §§ 13–611 and 614, and a sentence of from 15 years to life in prison.

We take jurisdiction pursuant to A.R.S. § 13–1711.

Three issues are presented for determination:

1. Does failure of counsel to perfect an appeal as promised require automatic reversal of defendant's conviction or is the allowance of a delayed appeal, provided by Rule 32.1(f) of the Arizona Rules of Criminal Procedure, a sufficient remedy?
2. Was the defendant unlawfully induced to plead guilty?
3. Must defendant's conviction be reversed because of inadequate representation by legal counsel?

On 27 June 1972, the defendant, James Norman Hall, and three other men were indicted on five charges: kidnapping with intent to commit rape or to commit lewd and lascivious acts, aggravated assault, rape, lewd and lascivious acts, and sodomy. These charges stemmed from acts committed on a 17 year old female on 10 June 1972. Joseph Meid was retained to represent the defendant.

The record shows that Mr. Meid was present at the defendant's arraignment and that he later requested a bill of particulars, moved to quash the indictment, moved for

an extension of the time period for raising objections to the indictment, supplemented his motion to quash the indictment, and made a second motion to quash the indictment. Mr. Meid also entered into plea negotiations on the defendant's behalf in which it was agreed that all other charges against the defendant and his companions would be dropped if each of them agreed to plead guilty to a charge of second degree rape. Pursuant to this agreement, the defendant, on 3 October 1972, entered a plea of guilty.

On 26 January 1973, the defendant was sentenced on the rape charge to not less than 15 years nor more than life in the state prison. (Two of his accomplices received identical sentences, while the third was given 10 years to life.) Mr. Meid allegedly promised to perfect an appeal on the defendant's behalf. On 9 March 1973, Mr. Meid was allowed to withdraw as counsel for the defendant and a public defender was appointed to represent the defendant for purposes of an appeal. It was ordered that the defendant be supplied with a transcript of the record at the county's expense. No appeal was filed.

On 26 July 1976, some three and one-half years after the sentence was imposed, the defendant, with new counsel, filed a petition for post-conviction relief pursuant to Rule 32.4, Rules of Criminal Procedure, 17 A.R.S., claiming he was denied the effective assistance of counsel, was unlawfully induced to plead guilty, and was denied his right to appeal because of his attorney's failure to file an appeal after being instructed to do so.

The court met on 7 February 1977 with counsel in chambers and, on the basis of the arguments of counsel and his own examination of the case file, determined that:

" * * * There is a preponderance of the evidence to show that petitioner's failure to appeal from the Judgment of Guilt and Sentence, or both, within the prescribed time was without fault on his part, and consequently, the Court will grant the Petition for Post Conviction Relief to the extent that the defendant may file a Notice of Appeal within 20 days of today's date, and prosecute his appeal through the Appellate Court of the State of Arizona.

"Further; the question of whether or not the defendant was denied the effective assistance of counsel will be raised in that appeal, and no doubt constitute a significant part of the appellant's argument; and to that the Appellate Court will consequently make that determination."

## FAILURE TO PERFECT AN APPEAL

Defendant contends that the failure of trial counsel, Mr. Meid, or the original appellate counsel, the public defender, to perfect an appeal requires a reversal of the defendant's conviction and the grant of a new trial and/or his unconditional release from custody.

Defendant cites two cases from other jurisdictions in support of his position. *Sims v. Balkcom*, 220 Ga. 7, 136 S.E.2d 766 (Ga. 1964), was a habeas corpus case in which a death penalty had been imposed upon the defendant whose court appointed attorney, apparently thinking he was appointed solely to try the case, withdrew without notice following the imposition of the death sentence, thereby prejudicing his client's rights respecting a new trial. Under Georgia law, there was no appropriate remedy available in that case other than reversal and order of a new trial.

The second case cited by the defendant contains the following passage:

"As the Court is of the view that the petitioner was unconstitutionally deprived of his right of appeal, the question arises as to the appropriate order to be entered by this Court. If there were any way under state law that an appellate review could be provided, it would appear that the proper order would be to direct that the petitioner be released from custody unless he is provided with an appeal within a reasonable time." *Coffman v. Bomar*, 220 F.Supp. 343, 349 (1963).

We do not believe these cases are applicable.

■ The remedy provided by Rule 32.1(f) of the Arizona Rules of Criminal Procedure, 17 A.R.S., in cases wherein the failure to

appeal within the prescribed time is without fault on the defendant's part, is a delayed appeal. The trial court, pursuant to defendant's request, has granted the defendant a delayed appeal. Of course, the defendant in the delayed appeal may raise all grounds which would have been available had the appeal been timely, but, absent some other defect or error, the defendant's remedy for denial of the right to appeal is a delayed appeal.

## INDUCEMENT TO PLEAD GUILTY

The defendant entered a plea of guilty to the charges of rape, second degree, as a result of a plea agreement. Defendant claims that his guilty plea was not knowingly, intelligently, and voluntarily made but was unlawfully induced. This claim is based in part on an allegation in defendant's affidavit that Mr. Meid had assured him that if he pled guilty he would be given a sentence of "time served."

We have gone over the entire record and we find that the trial court was most meticulous in informing the defendant of the rights he was waiving:

"THE COURT: Mr. Hall, have any promises of leniency, light sentence or probation been made to you to induce you to enter this plea?

"MR. HALL: No.

\* \* \* \* \* \*

"THE COURT: I want to explain to each of you gentlemen that if any such promises or commitments have been made to you by anybody, I am not bound by those promises. I do not know of any such promises but if any such promises have been made to you that you are not disclosing to me I want you to know that I'm not bound by those promises or recommendations.

"The County Attorney may have said something to your attorney and your attorney may have said something to you which leads you to believe something or anybody may have said anything to you.

I want you to fully understand that I'm not bound by those recommendations or promises.

Mr. Hall, do you understand that?

"MR. HALL: Yes."

There was also a factual basis for the plea. At the time of sentencing he stated:

"DEFENDANT HALL: Your Honor, I would like to say, pertaining to my charges, that I was there present at the night of the offense and I did have sexual intercourse with _____, and at the time I was not aware of the fact she was 17 years old. And this charge, sir—on the other charges, I feel I was not guilty of because I don't—they—I know they didn't happen the way they were said."

The defendant also claims that he did not understand the nature of his guilty plea in that the trial court erroneously failed to inform him of the essential elements of the crime to which he was pleading guilty. The law in effect at the time the plea was entered did not require that the court enumerate the elements of the crime to which an accused was pleading guilty, but only that the court establish in some way that the accused understand the nature of the charge:

"In our recent case of *State v. Phillips*, 108 Ariz. 335 [sic], 489 P.2d 199, filed June 15, 1972, we held that it was not necessary that the trial judge apprise the defendant of the specific legal elements of the offense. The requirement that the record show that the defendant understands the nature of the offense may be established in a manner other than by reciting the elements of the offense, in Phillips we cited with approval *State v. Kuhlman*, 15 Ariz.App. 359, 488 P.2d 996 (1971), which held that it was not necessary for the court to recite the legal elements of the offense when the "defendant had admitted, under questioning by the trial court, the acts constituting the elements of the offense charged." *State v. Ferrell*, 108 Ariz. 394, 395, 499 P.2d 109, 110 (1972).

And:

"The factual basis for the plea is, of course, to be distinguished from the de-

termination by the court of the defendant's understanding of the nature of the crime charged. To meet the requirements that the defendant understood the charge to which he pled guilty, the record must establish that he knew or was informed of 'the nature of the charge,' that is, the meaning of the charge and what acts amount to being guilty of the charge. (citation omitted)." *State v. Duran*, 109 Ariz. 566, 568, 514 P.2d 487, 489 (1973).

The trial court in this case not only scrupulously observed all procedural requirements designed to assure that the guilty plea was voluntary, knowing and intelligent, but in the process of determining the factual basis for the plea, clearly spelled out all the essential elements of second degree rape. The statute reads:

"B. Rape in the second degree is an act of sexual intercourse with a female, not the wife of the perpetrator, under the age of eighteen years, under circumstances not amounting to rape in the first degree." A.R.S. § 13–611.

And the court questioned the defendant as follows:

"THE COURT: Mr. Hall, are you acquainted with the victim of this offense, Miss _____?

"MR. HALL: Yes.

"THE COURT: What is her first name?

"MR. HALL: _____.

"THE COURT: According to the information contained in the Court's file, _____ was aged 17 at the time of this offense.

Do each of you counsel agree that that's what the State's evidence would reflect?

"MR. MEID: 17 and three-quarters.

"THE COURT: She was under 18? She was 17 years of age?

"MR. MEID: Yes, sir.

"MR. KEPPEL: Yes, sir.

"MR. ROBINSON: Yes, your Honor.

"THE COURT: Mr. Hall, were you married to _____ at any time in your life?

"MR. HALL: No.

\*　　\*　　\*　　\*　　\*　　\*

"THE COURT: Mr. Hall, did you have sexual intercourse with _____?

"MR. HALL: Yes.

"THE COURT: Did you complete penetration?

"MR. HALL: Yes.

"THE COURT: Do you know what I mean by that?

"MR. HALL: Yes.

"THE COURT: You inserted your penis inside of her female parts?

"MR. HALL: Yes.

"THE COURT: You did do that?

"MR. HALL: Yes."

We find no error.

## INADEQUATE REPRESENTATION BY COUNSEL

The Rule 32 hearing in this case was held in the trial court's chambers. Although counsel were present, the petitioner was not present and no witnesses testified. No verbatim transcript of the hearing was made. The chief "facts" upon which we are asked to find that trial counsel was inadequate are contained in affidavits of the defendant and the defendant's mother which were attached to the petition for post-conviction relief.

This court has stated:

"It is the duty of counsel who raises objections on appeal to see that the record before us contains the material to which he takes exception. (citation omitted)" *State v. Borjorquez*, 111 Ariz. 549, 553, 535 P.2d 6, 10 (1975).

And:

"Where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court. (citations omitted)" Id.

■ The standard used to determine whether relief may be granted on grounds of ineffective assistance of counsel is whether counsel was so inept that the proceedings were reduced to a mere farce, sham or mockery of justice. See e. g. *State*

*v. Jones*, 110 Ariz. 546, 521 P.2d 978 (1974); *State v. Smith*, 112 Ariz. 208, 540 P.2d 680 (1975); *State v. Bates*, 111 Ariz. 202, 526 P.2d 1054 (1974).

■ The defendant claims his trial counsel failed to make adequate pretrial investigation. The record indicates that Mr. Meid was present at the defendant's arraignment and that he was given a copy of the indictment. He later filed a motion for a bill of particulars, the partial granting of which enabled him to obtain information concerning the victim, the victim's examining doctor, and the specific "lewd and lascivious acts" which the defendant was alleged to have committed. The defendant's own affidavit indicates that Mr. Meid visited him in jail on several occasions, that he discussed the case with him, and that he unsuccessfully attempted to obtain the cooperation of the complaining witness in his investigation. These facts certainly preclude a conclusion that Mr. Meid's lack of investigation reduced the proceedings to a farce.

Next it is claimed that Mr. Meid's representation of the defendant was inadequate because he failed to ask for a mitigation hearing. Although there is no indication as to which attorney made the motion on behalf of the defendants then before the court, the trial court's minute entry dated 13 December 1977 states:

"On Defendants' motion, IT IS ORDERED continuing sentencing to January 26, 1977, at 1:30 p. m. in this Division, this being the time set for mitigation hearing—immediately following which hearing the sentencing will take place."

The transcript of the 26 January proceeding indicates that Mr. Meid did, in fact, offer mitigating evidence which related to a prior conviction of the defendant. We find no error.

Affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.