592 P.2d 1252

**STATE of Arizona, Appellee.**

v.

**James Howard DIPPRE, Appellant.**

No. 4399.

Supreme Court of Arizona,
In Banc.

March 21, 1979.

Robert K. Corbin, Atty. Gen., John A. LaSota, Jr., former Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Thomas R. McCowan, Prescott, for appellant.

GORDON, Justice:

Defendant James Howard Dippre appeals his conviction and sentence for assault with intent to commit rape in violation of A.R.S. §§ 13–252 and 13–1647. Assuming jurisdiction pursuant to 17 A.R.S., Supreme Court Rules, rule 47(e)5, we affirm the judgment of the Superior Court.

At approximately 11:30 at night, the seventeen year old victim of this offense was walking home when she noticed the defendant drive by several times. She became concerned and called to a man at a nearby Circle K, but he apparently did not hear her and drove off. She then left the street and took a shortcut behind the Circle K, crossing a railroad track and coming to a footbridge. As she was crossing the bridge, the defendant appeared at the other end of the bridge on foot. Defendant then asked the victim, in crude terms, if she wanted to have sexual intercourse with him. The victim panicked and began screaming and running back toward the railroad track, with the defendant either pursuing her or running alongside of her.

The victim then fell or was tripped by the defendant. She next ran to a pole around which she wrapped her arms and legs. The testimony is in dispute as to subsequent events. The victim testified that the defendant threatened to kill her if she was not quiet and did not do what he wanted her to do; that he tugged at her clothing; that he hit her in the stomach when he tripped her; and that he hit her in the nose with his fist. The defendant denied threatening her or striking her and claimed that he intended to have intercourse with her only if she consented. He asserted that he apologized to her many times and attempt-

ed to calm and quiet her. He admitted that he told her to "shut the hell up," because she was screaming while clinging to the pole. Defendant finally left the scene. The victim walked to the Circle K, where a police officer observed her crying, hanging onto a light post, and suffering from a slightly bleeding nose.

After trial by jury, defendant was convicted as charged. The Court suspended imposition of sentence for three years, placed defendant on probation and imposed, as a condition of probation, one year in the county jail.

After filing a timely notice of appeal, defendant's trial counsel withdrew from the case. Defendant's present counsel was subsequently appointed and filed a motion for new trial and a motion to vacate judgment, both based on alleged inadequacy of counsel at trial. At the conclusion of a hearing held on these motions, the trial court ruled that it did not have jurisdiction to hear the motion for new trial.[1] Noting that all of the matters set forth in the motion for new trial were raised in the motion to vacate judgment, the court went on to deny the latter on the merits.

Defendant raises three issues on appeal:

(1) that the court erred by instructing the jury that intent to commit second degree rape could support a conviction for assault with intent to commit rape;

(2) that defendant's conviction and sentence should be reversed and remanded for new trial because of ineffective assistance of counsel at trial;

(3) and that the trial court erred in submitting to the jury four verdict forms, two of which were verdict forms of not guilty.

At trial, the court instructed the jury that assault with intent to commit rape has three elements: (1) the defendant must attempt to injure another person physically; and (2) the defendant must be able to cause physical injury, and (3) the defendant must intend to rape the victim.

1. Defendant had failed to file the motion for new trial within ten days after the verdict had been rendered, as required by 17 A.R.S., Rules of Criminal Procedure, rule 24.1.b.

The court went on to define "rape," including in its instruction both first degree, forcible rape and second degree rape, which is consensual intercourse with a female under the age of eighteen years.[2] Defendant contends that the instruction was erroneous, because an assault with intent to commit rape requires intent to have intercourse by force or threat of force, which is inconsistent with consensual, second degree rape. Because of the erroneous instruction, defendant argues, the jury would have been required to find him guilty of assault with intent to commit rape even if it believed his testimony that he intended to have intercourse with the victim only if she consented.

■ Preliminarily, we note that 17 A.R.S., Rules of Criminal Procedure, rule 21.3.c mandates waiver of error if a party does not object to the giving or failure to give an instruction or to the submission or failure to submit a form of verdict before the jury retires. Defense counsel did not object to the instruction at trial. Failure to object, however, does not waive instructional defects rising to the level of fundamental error. *State v. Ulin,* 113 Ariz. 141, 548 P.2d 19 (1976); *See, State v. Young,* 116 Ariz. 385, 569 P.2d 815 (1977). We must, therefore, address the issue because of potential fundamental error in the instruction.

■ We find that the instruction was correct. Defendant's contention that assault with intent to commit rape requires an intent to commit forcible rape is refuted by a long-standing line of Arizona cases. *E. g., State v. Brady,* 66 Ariz. 365, 189 P.2d 198 (1948); *Callaghan v. State,* 17 Ariz. 529,

155 P. 308 (1916); *State v. Munoz,* 114 Ariz. 466, 561 P.2d 1238 (App.1976). These decisions unequivocally hold that a second degree rape instruction is appropriate if the charged offense of assault with intent to commit rape involves a victim who is a minor.

Defendant next asserts that he merits a new trial because of ineffective assistance of counsel at trial. The state argues that this Court can consider only the trial transcript in adjudicating this issue because of a procedural defect.[3] We need not consider the alleged defect, however, because we are statutorily mandated to review the entire record for fundamental error. A.R.S. § 13–4035 B; *see State v. Bradley,* 99 Ariz. 328, 409 P.2d 35 (1965).

■ It has been the rule in Arizona that relief will be granted on the basis of ineffective assistance of counsel only if counsel was so inept that the proceedings were reduced to a mere farce, a sham or mockery of justice. *E. g., State v. Pacheco,* 121 Ariz. 88, 588 P.2d 830 (1978); *State v. Hall,* 118 Ariz. 460, 577 P.2d 1079 (1978). Although this standard has come under increasing attack, this Court very recently declined to abandon it, and it remains the guideline by which to adjudicate ineffective assistance of counsel claims. *See State v. Williams,* 122 Ariz. ——, 593 P.2d 896 (1979). Additionally, tactical errors, per se, do not constitute inadequate representation, *State v. Farni,* 112 Ariz. 132, 539 P.2d 889 (1975), nor can effective representation be equated with successful representation. *State v. Hughes,* 104 Ariz. 535, 456 P.2d 393 (1969).

2. The court's exact instructions were as follows:

"Rape in the first degree is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under any of the following circumstances:

"(1) Where the female resists, but her resistance is overcome by force or violence.

"(2) Where the female is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution, or by an intoxicating, narcotic or anesthetic substance, administered by or with privity of the accused.

"Rape in the second degree is an act of sexual intercourse with a female, not the wife of the perpetrator, under the age of eighteen years, under circumstances not amounting to rape in the first degree."

3. The state, in its brief, claims that defendant did not timely file a notice of appeal after denial of his motion to vacate judgment. The state concludes, therefore, that this Court is precluded from considering the merits of defendant's argument on the motion; that we cannot consider the transcript of the hearing on the motion; and that we are limited to a review of the trial transcript in deciding this issue.

■ Defendant puts forth numerous examples of his trial counsel's alleged inadequacies in conducting his defense. A number of allegations are totally without merit. Several involve possible errors of strategy, which cannot be considered in deciding this issue. *Farni, supra.* Two of defendant's allegations raise serious questions as to counsel's conduct of the defense. These are counsel's failure to obtain a copy of the grand jury transcript and to interview the victim prior to trial. Upon review of the entire record, however, it becomes apparent that these arguably remiss omissions by counsel did not prejudice defendant's case.[4] We conclude that this criminal proceeding clearly was not a farce, a sham or a mockery of justice. Trial counsel's representation, therefore, was adequate.

■ Defendant's final contention on appeal is that the trial court erred in submitting to the jury four verdict forms, two of which were verdict forms of not guilty. The jury received "guilty" and "not guilty" forms for two offenses: assault with intent to commit rape and the lesser included offense of assault. Defendant claims that the jury should have been given three forms: a "guilty" form for each of the two offenses and a single "not guilty" form. He argues that the submission of two "not guilty" forms to the jury, in effect, required the jury to find him not guilty twice in order to return an acquittal and that this was confusing and contrary to the law. Additionally, defendant contends that the procedure was prejudicial to his right to a presumption of innocence and to his right to have the state prove guilt beyond a reasonable doubt.

■ We find no merit in defendant's argument. The submission of verdict forms as accomplished in the instant case is clearly permissible pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 23.3, which provides in pertinent part:

> "*Forms* of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged * *." (Emphasis added.)

Although not mandatory, this procedure has the advantage of insuring that the jury will consider and reach a conclusion as to each offense separately.

Defendant has not demonstrated, nor can we imagine, how the procedure was prejudicial to his rights. Finally, it is, in fact, true that in order to acquit defendant the jury would have had to have found him not guilty of two offenses: assault with intent to commit rape, and the lesser included offense of assault. We fail to perceive how this was confusing or contrary to the law.

Judgment and sentence of the Superior Court are affirmed.

CAMERON, C. J., and HAYS and HOLOHAN, JJ., concurring.

STRUCKMEYER, Vice Chief Justice (concurring):

I concur in the result.

---

4. Examination of the grand jury transcript reveals that prior knowledge of its contents would have given counsel no additional aid in his defense. Trial counsel adequately cross-examined the victim and Officer Steven Skurja on relevant matters disclosed in the grand jury transcript. Thus, no prejudice resulted from counsel's failure to obtain the transcript. Similarly, inspection of the record suggests that a prior interview with the victim would not have aided counsel. Defendant, in fact, fails to demonstrate in his brief how such an interview could have benefited him. At the post-trial hearing on the motion to vacate judgment, the trial court asked present counsel several times what trial counsel could have accomplished by interviewing the victim. Present counsel was unable to give the trial court any answer.