NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JIMMY SANTA CRUZ PIEDRA, *Petitioner*.

No. 1 CA-CR 13-0663 PRPC
FILED 3-12-2015

Appeal from the Superior Court in Maricopa County
No. CR2011-048279-001
The Honorable Jo Lynn Gentry, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Jimmy Santa Cruz Piedra, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Jon W. Thompson joined.

---

**P O R T L E Y,** Judge:

¶1 Petitioner Jimmy Santa Cruz Piedra petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 Piedra was indicted for multiple counts of child molestation, attempted molestation and sexual abuse involving three different children. He entered into a plea agreement and pled guilty to three counts of attempted molestation of a child, all dangerous crimes against children, involving two different children. He was sentenced to a presumptive term of ten years in prison for one count and lifetime probation for the other two.

¶3 Piedra filed a pro se petition for post-conviction relief of-right after his lawyer found no colorable claims for relief. The trial court summarily dismissed the petition and Piedra now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶4 Piedra presents four claims of ineffective assistance of counsel. He first argues his trial counsel was ineffective by: (1) failing to present information regarding Piedra's family, social and psychological backgrounds as mitigating circumstances for sentencing purposes; (2) failing to seek an evaluation of Piedra's competency pursuant to Arizona Rule of Criminal Procedure 11.2; and (3) failing to have Piedra undergo an independent psychological evaluation for sentencing purposes and/or a determination of his competency and, in turn, provide that information to the trial court. Piedra also argues that his post-conviction relief counsel was ineffective when he failed to identify and raise the issue regarding trial counsel's failure to obtain an independent psychological evaluation.

¶5 To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable professional standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984);

*State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985). The Sixth Amendment does not entitle a defendant to mistake-free representation. *United States v. Gonzales-Lopez*, 548 U.S. 140, 147 (2006). And there is a strong presumption that counsel provided effective assistance, *State v. Febles*, 210 Ariz. 589, 596, ¶ 20, 115 P.3d 629, 636 (App. 2005), which the defendant must overcome by providing evidence that counsel's conduct did not comport with professional norms. *See State v. Herrera*, 183 Ariz. 642, 647, 905 P.2d 1377, 1382 (App. 1995).

¶6        Moreover, matters of trial or sentencing strategy and tactics are left to counsel's best judgment. *State v. Beaty*, 158 Ariz. 232, 250, 762 P.2d 519, 537 (1988). Even if the strategy proves unsuccessful, tactical decisions will not normally constitute ineffective assistance. *State v. Farni*, 112 Ariz. 132, 133, 539 P.2d 889, 890 (1975). However, a trial court need not conduct an evidentiary hearing on claims of ineffective assistance when a defendant's claims are based on mere generalizations and unsubstantiated. *State v. Borbon*, 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985).

¶7        Here, Piedra asserts that his trial lawyer should have gathered his school and counseling records and presented them to the court to demonstrate that he had been sexually abused as a child, but had never undergone counseling for the trauma. Even though his lawyer and the presentence report highlighted Piedra's traumatic childhood, as well as his alcoholism, he does not identify how the records would have enhanced his effort to mitigate his prison sentence given the nature of the crimes, the two victims, and his past, albeit minor, criminal history. The court had counsel's sentencing memorandum, letters, and the presentence investigation with its attachments, and, as a result, the court was aware of the details of Piedra's difficult upbringing and family life, his alcoholism and the fact he was sexually abused by two family members when he was a child. The court then had to balance Piedra's background with the crimes he pled guilty to, as well as the harm to the victims. The fact that the court did not place Piedra on lifetime probation on all three counts does not demonstrate that trial counsel's tactics were below the professional norm, unreasonable or legally ineffective.

¶8        Moreover, in challenging his trial lawyer's failure to seek a Rule 11 competency evaluation, Piedra only offers speculation that the evaluation would have revealed he was not competent when he committed the offenses or that he was otherwise not competent to stand trial. Likewise, he only offers speculation that an independent psychological evaluation would have revealed information useful for a determination of his competency, or exculpatory information, or information that would have

been useful for sentencing.[1]  Because Piedra has failed to meet his burden concerning the Rule 11 evaluation or independent psychological evaluation, he has failed to present a colorable claims of ineffective assistance of his trial counsel or post-conviction relief counsel. Accordingly, the court did not err by dismissing his petition.

¶9        We also note the petition for review presents additional ineffective assistance of counsel claims that Piedra did not raise in the petition for post-conviction relief.  Although some of those claims were in rebuttal to the State's response, the court was not required to, and did not, address the issues that were not raised in the petition.  *See State v. Lopez*, 223 Ariz. 238, 240, ¶¶ 6-7, 221 P.3d 1052, 1054 (App. 2009).  And a petition for review may not present issues not first presented to the trial court.  *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). Accordingly, the late filed issues are waived and the court did not err by dismissing the petition.

¶10       We grant review, but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[1] The record reveals Piedra's first lawyer, before he withdrew, filed a motion to have Piedra undergo a risk assessment and "psychosexual evaluation" by a court-appointed psychologist.  The motion was granted and the sheriff's office was ordered to transport Piedra to the psychologist for evaluation.  Although the record does not reveal that Piedra was taken for the examination or the results of the examination, in his reply in support of his petition, Piedra asserts that his trial lawyer decided not to contact the doctor to set an appointment.  **(I. 26, 28, 30, 31, 81)**