NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JUSTIN LEE MARTIN, *Petitioner*.

No. 1 CA-CR 15-0129 PRPC
FILED 10-17-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2009-177237-001
The Honorable Daniel G. Martin, Judge

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Justin Lee Martin, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Peter B. Swann and Judge Michael J. Brown joined.

**H O W E**, Judge:

¶1        Justin Lee Martin petitions this Court for review from the dismissal of his petition for post-conviction relief. A jury found Martin guilty of five counts of armed robbery, one count of attempted armed robbery, five counts of kidnapping, two counts of theft of means of transportation, four counts of misconduct involving weapons, and one count of burglary in the second degree.[1] The convictions arose out of five separate incidents occurring on five different dates. The trial court imposed an aggregate sentence of four consecutive lifetimes. This Court affirmed Martin's convictions and sentences on direct appeal. *State v. Martin*, 1 CA-CR 12-0390 (Ariz. App. Sep. 5, 2013) (mem. decision). For the following reasons, we grant review but deny relief.

¶2        Martin timely petitioned for post-conviction relief raising claims of ineffective assistance of counsel and prosecutorial misconduct. Martin argued: (1) introduction at trial of evidence obtained by an unconstitutional search and seizure; (2) any other infringement of the right against self-incrimination; (3) denial of the constitutional right to representation by a competent lawyer at every critical state of the proceeding;[2] and (4) unconstitutional use by the State of perjured testimony. The trial court, having considered the State's response,[3] dismissed Martin's petition. The court found that Martin's claims regarding search and seizure, self-incrimination, use of perjured testimony, prosecutorial misconduct, and related constitutional claims were precluded under Arizona Rule of Criminal Procedure 32.2(b). The court further found that Martin failed to establish a colorable claim of ineffective assistance of counsel because he failed to establish deficient performance by counsel and failed to establish prejudice.

¶3        Martin seeks review arguing that the trial court erred by summarily dismissing his petition without a hearing. Martin argues that he

---

[1]        The court granted a mistrial as to Counts 1, 2, 3, 4, and 5. The court granted the State's motion to dismiss the five counts without prejudice.

[2]        Before trial, Martin moved to waive counsel, seeking to represent himself. The trial court later granted Martin's motion to reinstate advisory counsel as counsel of record.

[3]        Martin filed a reply but the trial court did not acknowledge it in its ruling.

demonstrated a colorable claim that entitled him to relief. "A decision as to whether a petition for post-conviction relief presents a colorable claim is, to some extent, a discretionary decision for the trial court." *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988). An appellate court will reverse a trial court's summary dismissal only if an abuse of discretion affirmatively appears. *State v. Watton*, 164 Ariz. 323, 325 (1990).

¶4 On review, Martin states four issues: (1) whether the trial court erred by precluding Martin's claims of unconstitutional use of perjured testimony; (2) whether the State's alleged use of known false testimony was a fundamental due process violation; (3) whether the trial court erred by dismissing the petition without holding an evidentiary hearing to review trial counsel's ineffectiveness for failing to object to the State's unconstitutional use of perjured testimony; and (4) whether the trial court erred by failing to consider the cumulative prejudicial effect of multiple errors combined with the State's use of false testimony. Martin's enumerated issues do not mirror those raised in the trial court and are not specifically identified as claims of ineffective assistance of counsel.

¶5 Any claim that could have been, or was, raised on direct appeal and that has been finally adjudicated on the merits on appeal or in any collateral proceeding, or that was waived at trial, on appeal, or any other collateral proceeding is precluded, except for claims raised under Rule 32.2(b). Ariz. R. Crim. P. 32.2(a). For these claims, the petitioner must state in the notice of post-conviction relief why the claim was not raised before and must set forth the specific exception. Martin fails to do so in his petition for review. Instead, on review, Martin states that appellate counsel advised him that claims of perjury are most appropriately raised in post-conviction relief, and Martin also claims that the evidence to prove his argument is not in the trial record.

¶6 None of Martin's claims fall within the exceptions provided by Rule 32.2(b). Martin neither argues nor provides evidence that newly discovered material facts entitle him to relief under Rule 32.1(e). Rather, Martin raises substantive claims that should have been addressed at trial or on appeal, and Martin cloaks these claims in allegations of ineffective assistance of counsel. Rearguing substantive claims in the context of ineffective assistance of counsel to avoid preclusion is not a valid claim. "If, with each successive claim, a petitioner could avoid preclusion merely by asserting that all prior counsel were ineffective, Rule 32.2(a)(3) would be stripped of effect." *State v. Curtis*, 185 Ariz. 112, 115 (App. 1995), *disapproved on other grounds by Stewart v. Smith*, 202 Ariz. 446 (2002). Martin argues that trial counsel's performance was deficient based on trial tactics and counsel's

failure to object, impeach witnesses, clarify the record, and investigate. The record does not support this. "Actions which appear to be a choice of trial tactics will not support an allegation of ineffective assistance of counsel." *State v. Espinosa-Gamez*, 139 Ariz. 415, 421 (1984). Thus, "disagreements [over] trial strategy will not support a claim of ineffective assistance of counsel, provided the challenged conduct had some reasoned basis." *State v. Vickers*, 180 Ariz. 521, 526 (1994). And even if counsel's strategy proves unsuccessful, tactical decisions normally will not constitute ineffective assistance of counsel. *See State v. Farni*, 112 Ariz. 132, 133 (1975).

**¶7** To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the court need not determine whether the other prong was satisfied. *State v. Salazar*, 146 Ariz. 540, 541 (1985). None of Martin's claims demonstrate either deficient performance by trial counsel or unreasonable tactical decisions. Martin proffers no law or fact to substantiate a finding that but for trial counsel's substandard performance, the jury would have found Martin not guilty. A trial court need not conduct an evidentiary hearing based on mere generalizations and unsubstantiated claims of ineffective assistance of counsel. *State v. Borbon*, 146 Ariz. 392, 399 (1985). The trial court did not err when it dismissed Martin's petition for post-conviction relief.

**¶8** Finally, Martin's fourth issue regarding cumulative prejudicial effect was not raised in his petition for post-conviction relief. This Court will not consider even meritorious issues not first presented to the trial court. *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988).

**¶9** Accordingly, we grant review but deny relief.

